IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11
                                              :
MAGNA ENTERTAINMENT CORP., *et al.*,          :   Case No. 09-10720 (MFW)
                                              :
         Debtors.                             :   Jointly Administered
                                              :
---------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002(a)(7), (f), (*l*), AND 3003(c)(3), AND LOCAL RULE 2002-1(e) ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion, dated April 28, 2009 (the "Motion"),[1] of Magna Entertainment Corp. ("Magna Entertainment") and its affiliated debtors, as debtors in possession (together, the "Debtors" and, collectively with Magna Entertainment's non-debtor subsidiaries, "MEC"),[2] for entry of an order, pursuant to section 502(b)(9) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(a)(7), (f), and (*l*) and 3003(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) establishing **July 1, 2009 at 5:00 p.m. (prevailing Eastern**

---

[1] Capitalized terms used herein but not defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: (i) Magna Entertainment Corp., 8374; (ii) The Santa Anita Companies, Inc., 6180; (iii) Los Angeles Turf Club, Incorporated, 6200; (iv) Pacific Racing Association, 5367; (v) MEC Land Holdings (California) Inc., 7410; (vi) Gulfstream Park Racing Association Inc., 6292; (vii) GPRA Thoroughbred Training Center, Inc., 2326; (viii) MEC Dixon, Inc., 7005; (ix) MEC Holdings (USA) Inc., 8494; (x) Sunshine Meadows Racing, Inc., 4288; (xi) Thistledown, Inc., 5742; (xii) MEC Maryland Investments, Inc., 4637; (xiii) 30000 Maryland Investments LLC, 1704; (xiv) Remington Park, Inc., 2024; (xv) GPRA Commercial Enterprises Inc., 6156; (xvi) Pimlico Racing Association, Inc., 4527; (xvii) The Maryland Jockey Club of Baltimore City, Inc., 3840; (xviii) Laurel Racing Association Limited Partnership, 0504; (xix) Laurel Racing Assoc., Inc., 0505; (xx) Prince George's Racing, Inc., 6493; (xxi) Southern Maryland Racing, Inc., 9850; (xxii) Southern Maryland Agricultural Association, 9661; (xxiii) Maryland Jockey Club, Inc., 3124; and (xxiv) AmTote International, Inc., 1143.

Time) (the "Bar Date") as the deadline for each person (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file proofs of claim (each a "Proof of Claim," and, collectively, "Proofs of Claims") based on prepetition claims against the Debtors, (ii) solely as to governmental units (as such term is defined in section 101(27) of the Bankruptcy Code), establishing **September 1, 2009 at 5:00 p.m. (prevailing Eastern Time)** (the "Government Bar Date," and, together with the Bar Date, the "Bar Dates") as the deadline for governmental units to file Proofs of Claims against the Debtors, (iii) approving the proposed form of Proof of Claim (the "Proof of Claim Form"), substantially in the form attached to the Motion as Exhibit "B", (iv) approving the proposed notice of the Bar Date (the "Bar Date Notice"), substantially in the form attached to the Motion as Exhibit "C", (v) approving the proposed publication notice (the "Publication Notice"), substantially in the form attached to the Motion as Exhibit "D", and (vi) approving the notice procedures proposed herein for the Bar Dates (the "Notice Procedures"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtors submit that they have complied with the requirements of Rule 2002-1(e) of the Local Rules to have the relief requested in the Motion be entered without notice and a hearing; and upon the Motion and the papers in support thereof; and the Court, after due deliberation, having found and determined that the proposed deadline for filing Proofs of Claims provides sufficient time for all parties in interest (including governmental units) to file Proofs of Claims in the Debtors' chapter 11 cases; that the Notice Procedures as provided herein are fair and reasonable and will provide good, sufficient, and proper notice to all creditors of the means by which they may assert claims against the Debtors in these chapter 11

cases and the deadlines therefor, and that the relief requested in the Motion is in the best interests of the Debtors, their estates, and all parties in interest; and due and proper notice of the Motion having been provided and no other notice is necessary; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Proof of Claim Form, attached hereto as Exhibit "A", is hereby approved.

3. **July 1, 2009, at 5:00 p.m. (prevailing Eastern Time)** shall be the deadline for each person (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a Proof of Claim against the Debtors.

4. Solely as to governmental units (as such term is defined in section 101(27) of the Bankruptcy Code), **September 1, 2009 at 5:00 p.m. (prevailing Eastern Time)** shall be the deadline for each governmental unit to file a Proof of Claim against the Debtors.

5. The following procedures for filing Proofs of Claims are hereby approved and adopted in these cases:

    (a) Except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior to the Petition Date, including any such claims which may have been preserved in any written agreement with the Debtors or in any pleading filed with the Bankruptcy Court, shall file a Proof of Claim on or before the applicable Bar Date;

    (b) Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection on or before the later of (i) the applicable Bar Date, or (ii) the date that is twenty-five (25) days following the effective date of such rejection (unless the order authorizing such rejection provides otherwise); <u>provided, however</u>, that a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease

(other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the Bar Date, unless one of the exceptions identified in paragraph 6 below, applies;

(c) In the event a Proof of Claim incorrectly identifies the Debtor that should have been identified as the obligor (the "Misidentifying Claim"), such Proof of Claim shall be subject to reclassification as a Proof of Claim asserted against the Debtor that should have been identified (the "Reclassified Claim"), and upon such reclassification, (a) the Misidentifying Claim shall be disallowed and expunged and (b) the Reclassified Claim shall be subject to all rights, defenses, counterclaims, actions, and objections to which the Misidentifying Claim would have been subject had the Misidentifying Claim been asserted against the correctly identified Debtor; **provided, however**, that, any claimant asserting a Misidentifying Claim subject to reclassification shall be given twenty (20) days' notice of the proposed reclassification and, in the absence of an objection to such reclassification, the Bankruptcy Court may enter an order reclassifying the Misidentifying Claim without conducting a hearing thereon;

(d) Proofs of Claims must substantially conform to the Proof of Claim Form or Official Bankruptcy Form No. 10 ("Official Form 10")[3];

(e) Proofs of Claims must be received on or before the applicable Bar Date by Kurtzman Carson Consultants LLC ("KCC"), the official claims agent in the Debtors' chapter 11 cases, at the following address (the "MEC Claims Processing Center"):

> MEC Claims Processing
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA 90245

(f) The Debtors and KCC shall **not** be required to accept a Proof of Claim sent by facsimile, telecopy, or electronic mail transmission;

(g) Proofs of Claims will be deemed timely filed only if **actually received** by the MEC Claims Processing Center on or before the applicable Bar Date;

(h) Proofs of Claims must: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation or, if voluminous, a summary or explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency;

---

[3] Official Form 10 can be found at http://www.uscourts.gov/bkforms/index.html, the Official Website for the United States Bankruptcy Courts.

(i) Proofs of Claims must specify by name the Debtor against which the Proof of Claim is asserted; and if the holder asserts a claim against more than one Debtor, a separate Proof of Claim must be filed against each Debtor;

(j) Because Official Form 10 does not include a separate designation for section 503(b)(9) claims, to the extent a claimant seeks to assert a claim under section 503(b)(9) of the Bankruptcy Code, a claimant must check the "Other" box in box 5 of the Proof of Claim Form and designate the claim as a claim under sections 507(a)(2) and 503(b)(9) of the Bankruptcy Code; and

(k) Any person or entity that files a Proof of Claim by mail and wishes to receive a file-stamped copy by return mail must include an additional copy of the Proof of Claim and a self-addressed postage-paid envelope.

6. The following parties are **not** required to file a Proof of Claim on or before the Bar Date:

(a) any person or entity that has **already** properly filed a Proof of Claim against a Debtor with the Clerk of the Bankruptcy Court or KCC in a form substantially similar to Official Form 10;

(b) any person or entity whose claim is listed on a Debtor's Schedule D, E, or F, and (i) the claim is **not** described as "disputed," "contingent," or "unliquidated"; (ii) the claimant agrees with the amount, nature, and priority of the claim set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor which has listed the claim in its Schedules;

(c) any holder of a claim that has been allowed by order of the Bankruptcy Court entered on or before the applicable Bar Dates;

(d) any person or entity whose claim has been satisfied in full prior to the applicable Bar Date;

(e) any Debtor holding a claim against another Debtor;

(f) any wholly-owned direct or indirect subsidiary of any Debtor holding a claim against a Debtor;

(g) any officer, director, or employee for a claim for indemnification, contribution, or reimbursement; **provided, however**, that any officer, director, or employee must file a Proof of Claim if they wish to assert any other claims against any of the Debtors, unless another exception identified herein applies;

(h)  any holder of a claim allowable under sections 503(b) or 507(a) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases; provided, however, that any party asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code who disputes the Debtors' scheduling and treatment of such claims in the Debtors' Schedules must file a Proof of Claim on or before the applicable Bar Date;

(i)  any current employee asserting a claim solely to the extent that an order of the Bankruptcy Court authorized the Debtors to honor such claim in the ordinary course as a wage or benefit;

(j)  any person or entity that holds an interest in any Debtor, which interest is based **exclusively** upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell, or subscribe to such a security or interest; **provided, however**, that any interest holder who wishes to assert any claim (as opposed to ownership interest) against any of the Debtors that arises out of or relates to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file its Proof of Claim on or before the Bar Date, unless another exception identified herein applies[4];

(k)  any holder of a claim (a "Noteholder") for repayment of outstanding principal or interest arising under, or with respect to, either of the following series of unsecured convertible subordinated notes issued by Magna Entertainment: (a) 8.55% Convertible Subordinated Notes, maturing June 15, 2010 (the "8.55% Notes"); and (b) 7.25% Convertible Subordinated Notes, maturing December 15, 2009 (the "7.25% Notes" and collectively with the 8.55% Notes, the "Magna Entertainment Notes"); **provided, however**, that (i) the foregoing exclusion shall not apply to the indenture trustee under each of the indentures pursuant to which the Magna Entertainment Notes were issued (the "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one proof of claim on or before the Bar Date for principal, interest, other applicable fees and charges, and/or any amounts due in respect, or on account, of the applicable Magna Entertainment Notes, and (iii) any Noteholder that wishes to assert a claim arising out of or related to the Magna Entertainment Notes, other than a claim for repayment of outstanding prepetition principal and interest thereunder, shall be required to file a proof of claim on or before the Bar Date; and

(l)  any holder of a claim for which the Bankruptcy Court has already fixed a specific deadline to file a Proof of Claim.

---

[4] The Debtors reserve all rights with respect to any such claims including, inter alia, to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

7. Notwithstanding anything in this Order to the contrary, the Indenture Trustee is authorized to file on behalf of the holders of Magna Entertainment Notes a single Proof of Claim in the chapter 11 case of Magna Entertainment in respect of claims arising under or in connection with the related Magna Entertainment Notes and related agreements and documents (collectively, as amended, supplemented or otherwise modified, the "<u>Magna Entertainment Note Documents</u>"), and such single Proof of Claim shall be deemed to have been filed by the Indenture Trustee for each such holder of Magna Entertainment Notes against any Debtors liable under any one or more of the Magna Entertainment Note Documents.

8. Any holder of a claim against the Debtors who receives notice of the Bar Dates (whether such notice was actually or constructively received) and is required, but fails, to file a Proof of Claim in accordance with this Order on or before the Bar Date applicable to such claim holder, shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, or participate in any distribution in Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim.

9. The Bar Date Notice, attached to the Motion as Exhibit "C", is approved.

10. Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors shall serve the Bar Date Notice and a Proof of Claim Form by first-class mail on:

    (a) the Office of the United States Trustee for the District of Delaware;

    (b) counsel to the Creditors' Committee;

    (c) all known holders of claims listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time);

    (d) all parties known to the Debtors as having potential claims against any of the Debtors' estates;

    (e) the Indenture Trustee;

(f) all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules (including all collective bargaining agreements) at the addresses stated therein (as amended or supplemented from time to time);

(g) all parties to litigation with any of the Debtors (as of the date of the entry of the Bar Date Order);

(h) all parties who have requested notice pursuant to Bankruptcy Rule 2002;

(i) all persons or entities that have previously filed proofs of claims;

(j) the Internal Revenue Service;

(k) the Securities and Exchange Commission;

(l) all governmental units in these cases;

(m) the United States Attorney's Office for the District of Delaware; and

(n) the Ontario Securities Commission.

11. The Publication Notice, attached to the Motion as Exhibit "D", is approved.

12. Pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish the Publication Notice once in The New York Times (National Edition), The Baltimore Examiner, The Miami Herald, The Plain Dealer (Ohio), San Francisco Chronicle, Los Angeles Times, and The Oklahoman, at least thirty (30) days prior to the General Bar Date, thus satisfying the requirements of Bankruptcy Rule 2002(a)(7), which publication shall be deemed good, adequate, and sufficient publication notice of the Bar Dates and the procedures for filing Proofs of Claim in these cases. FED. R. BANKR. P. 2002(a)(7), (f), & (l).

13. If the Debtors amend or supplement their Schedules subsequent to the date hereof, and if an amendment to the Schedules reduces the liquidated amount of a scheduled claim, or reclassifies a scheduled, undisputed, liquidated, non-contingent claim as disputed, unliquidated, or contingent and the affected claimant has not filed a proof of claim, the affected claimant may file a proof of claim on the later of (i) the applicable Bar Date or (ii) the first business day

following thirty (30) calendar days after the mailing of the notice of such amendment in accordance with Bankruptcy Rule 1009(a), but, in the case of any amendment to the Schedules after the Bar Date where the affected claimant did not file a proof of claim prior to the Bar Date, only to the extent such proof of claim does not exceed the amount scheduled for such claim before the amendment; **provided, however**, that creditors are not entitled to an extension of the Bar Date if an amendment to the Schedules increases the scheduled amount of an undisputed, liquidated, non-contingent claim.

14. If the Debtors determine after the mailing date of the Bar Date Notice (the "Mailing Date") that an additional party or parties should appropriately receive the Bar Date Notice, the date by which a proof of claim must be filed by such party or parties shall be the later of (i) the Bar Date or (ii) the date that is thirty (30) days from the mailing date of an amended notice to such additional party or parties.

15. Notwithstanding the decretal paragraphs above, the last day for any entity asserting a claim arising from the recovery of a voidable transfer will be the later of (i) the Bar Date, or (ii) the first business day that is at least thirty (30) calendar days after the mailing of notice of entry of any order approving the avoidance of the transfer.

16. The Debtors and KCC are authorized and empowered to take such steps and perform such acts as may be necessary or appropriate to implement and effectuate the terms of this Order.

17. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests **not** subject to the Bar Dates established herein shall file such proofs of claims or interests or be forever barred from asserting such claims or interests against the Debtors or their estates.

18. The Court shall retain jurisdiction with respect to this Order and any related proceedings.

Dated: April 29, 2009
Wilmington, Delaware

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE