IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
*In re*                                                        :    Chapter 11
                                                               :
MAGNA ENTERTAINMENT CORP., *et al.*,                           :    Case No. 09-10720 (MFW)
                                                               :
                                                               :
         Debtors.                                              :    Jointly Administered
                                                               :    Re: Docket No. 1235
---------------------------------------------------------------x

## ORDER FURTHER EXTENDING THE EXCLUSIVE PERIODS FOR FILING A CHAPTER 11 PLAN AND SOLICITING OF ACCEPTANCES THERETO PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE

Upon the motion, dated September 30, 2009 (the "Motion"),[1] of Magna Entertainment Corp. ("Magna Entertainment") and its affiliated debtors, as debtors in possession (collectively, "Debtors"),[2] for an order extending the exclusive periods for filing a chapter 11 plan and soliciting of acceptances thereto pursuant to section 1121(d) of the Bankruptcy Code, as more fully set forth in the Motion; and the Bankruptcy Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: (i) Magna Entertainment Corp., 8374; (ii) The Santa Anita Companies, Inc., 6180; (iii) Los Angeles Turf Club, Incorporated, 6200; (iv) Pacific Racing Association, 5367; (v) MEC Land Holdings (California) Inc., 7410; (vi) Gulfstream Park Racing Association Inc., 6292; (vii) GPRA Thoroughbred Training Center, Inc., 2326; (viii) MEC Dixon, Inc., 7005; (ix) MEC Holdings (USA) Inc., 8494; (x) Sunshine Meadows Racing, Inc., 4288; (xi) Thistledown, Inc., 5742; (xii) MEC Maryland Investments, Inc., 4637; (xiii) 30000 Maryland Investments LLC, 1704; (xiv) Remington Park, Inc., 2024; (xv) GPRA Commercial Enterprises Inc., 6156; (xvi) Pimlico Racing Association, Inc., 4527; (xvii) The Maryland Jockey Club of Baltimore City, Inc., 3840; (xviii) Laurel Racing Association Limited Partnership, 0504; (xix) Laurel Racing Assoc., Inc., 0505; (xx) Prince George's Racing, Inc., 6493; (xxi) Southern Maryland Racing, Inc., 9850; (xxii) Southern Maryland Agricultural Association, 9661; (xxiii) Maryland Jockey Club, Inc., 3124; (xxiv) AmTote International, Inc., 1143; (xxv) MEC Pennsylvania Racing Services, Inc., 9924; and (xxvi) MEC Lone Star, LP, 0489.

28 U.S.C. § 157(b); and venue being proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and upon all of the proceedings had before the Bankruptcy Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Plan Period and Solicitation Period are extended through and including January 31, 2010 and March 31, 2010, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods as may be appropriate under the circumstances as may be appropriate under the circumstances.

3. The Debtors are authorized to take all steps necessary to carry out this Order.

4. This Court retains jurisdiction to interpret and enforce this Order.

Dated: Nov. 17, 2009
Wilmington, Delaware

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE