**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| MAGNA ENTERTAINMENT CORP., et al., | ) ) | Case No. 09-10720 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION[1]**

Before the Court is the question whether the notice of appeal filed by Santa Anita Associates Holding Co., LLC ("Caruso") and Santa Anita Associates, LLC ("Associates") of the Court's decision – that an arbitration clause does not apply to the claim filed by Caruso and Associates in this case – divests the Court of jurisdiction to decide the objection of Magna Entertainment Corp. and its affiliates (the "Debtors") to that claim.  For the reasons stated below, the Court finds that it is not divested of jurisdiction to decide the objection to the claim.

I.   BACKGROUND

The Debtors were the leading owners and operators of racetracks in North America.  They filed voluntary petitions under chapter 11 of the Bankruptcy Code on March 5, 2009.  The

---

[1]   This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, which is incorporated by Rule 9014 of the Federal Rules of Bankruptcy Procedure.

Debtors filed a joint plan of reorganization which became effective on April 30, 2010.

Prior to the petition date, a non-debtor affiliate of the Debtors, Santa Anita Enterprise, Inc. ("Enterprise"), entered into a joint venture with Caruso to develop a high-end shopping center on property owned by one of the Debtors, The Santa Anita Companies, Inc. ("SAC").  That agreement was encompassed in an LLC Agreement, pursuant to which Caruso and Enterprise each owned a 50% interest in Associates and Caruso acted as the managing member.  (X 1.)  Although SAC was not a party to the agreement, it was contemplated that SAC would enter into a ground lease of the property with Associates if certain conditions were met.  (X 1 at Ex. C.)  SAC confirmed this by letter in March 2007.  (X 9.)

By letter dated April 12, 2010, Enterprise contended that the conditions were not satisfied within the time required and consequently purported to terminate the LLC Agreement.  (X 24.) As a result, SAC never entered into a ground lease with Associates.  The LLC Agreement provided that upon termination, Enterprise and Caruso released each other of all claims.  (X 1 at § 8.04(d).)  Caruso responded to the termination notice, disputing Enterprise's assertion that the deadlines for fulfillment of the conditions had passed and stating that the termination was improper.  (X 25.)

On May 28, 2010, Caruso and Associates filed a claim against

2

the Debtors in excess of $21 million.  On July 19, 2010, the Debtors filed an objection to the claim, raising a number of affirmative defenses.  A hearing on the objection to the claim was held on October 21, 2011.

At the hearing, the parties presented argument on a preliminary "gating" issue.  Caruso argued that because the LLC Agreement had an arbitration clause, this Court had no jurisdiction to decide that the LLC Agreement had been properly terminated (and therefore, that the releases were effective).  (Tr. 10/21/2011 at 31-32, 35-37.)  Instead, Caruso argued that the Court had to assume that the termination had not occurred and the releases were not effective in deciding the validity of its claim.  (Id. at 36.)  Alternatively, Caruso argued that the Court had to stay any decision until the arbitration was concluded.  (Id. at 37.)  Caruso admitted, however, that SAC was not a party to the LLC Agreement and that the March 2007 letter from SAC contained no arbitration provision.  (Id. at 31; X 9.)

The Debtors argued that the Court is not bound to send the issue to arbitration because SAC is not party to any arbitration clause and that, even if it is (because all the agreements must be seen as one integrated contract), Caruso has waived the right to arbitrate by filing its proof of claim in this court, taking no action to compel arbitration, and insisting that SAC was not a party to the arbitration provision.  (Tr. 10/21/2011 at 10-18.)

3

At the conclusion of the argument on the gating issue, the Court agreed with the Debtors and concluded that to the extent the arbitration clause applied to Caruso's claim against SAC (because the agreements were an integrated contract), Caruso had waived it by filing a claim in the bankruptcy court, participating in discovery and preparing for trial, and by failing to seek to compel SAC to proceed with arbitration. (Id. at 47-48.)

Caruso next argued that the Court's ruling on arbitration was immediately appealable, which would automatically divest the Court of jurisdiction to consider the merits of the claim. The parties proceeded with the hearing on the merits, while reserving Caruso's arguments on the divestiture issue. Additional briefing on the divestiture issue was completed on November 15, 2011. The matter has now been fully briefed and is ripe for decision.

II. JURISDICTION

Bankruptcy courts have core jurisdiction to hear the merits of proofs of claim and affirmative defenses to those claims. 28 U.S.C. §§ 157(b)(2)(B) & 1334.

   A. Applicability of Federal Arbitration Act

Caruso argues that it has an immediate right to appeal the Court's ruling that it has jurisdiction over the claim and affirmative defenses raised by the Debtors under section 16 of

the Federal Arbitration Act (the "FAA").  9 U.S.C. § 16(a)(1)(A) & (B) (providing an immediate appeal of an order refusing a request to stay an action pending arbitration or denying a petition to compel arbitration).  Caruso further argues that this Court is automatically divested of jurisdiction to proceed until the appeal is resolved.  9 U.S.C. § 3 ("if any suit or proceeding be brought . . . upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had.").  See also Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215 n.6 (3d Cir. 2007) (agreeing with "the majority rule of automatic divestiture when a Section 16(a) appeal is neither frivolous nor forfeited"); V.I. Water & Power Auth. v. Gen. Elec. Int'l, Inc., No. 2006-131, 2009 WL 2413670, at *1 (D.V.I. 2009) (finding appeal non-frivolous and staying proceeding pending appeal).

The Debtors contend that section 16 of the FAA is not applicable because Caruso never filed a motion to compel arbitration or requested that the claim proceeding be stayed until the arbitration is completed.  Caruso replies that although it never filed a document entitled motion to compel arbitration

or to stay the proceedings pending arbitration, its pleadings must be construed as one.  (D.I. # 2779 at ¶ 65; D.I. # 3136 at 20-24; D.I. # 3170 at 5-9;  D.I. # 3129 at Ex. A.)  See, e.g., Kindig v. Whole Foods Mkt. Grp., No. 10-1919 (ESH), 2011 WL 4368357, at *3, n.6 (D.D.C. Sept. 20, 2011) (holding that a "motion to dismiss for lack of jurisdiction on the basis of an arbitration clause may be treated as a motion to compel arbitration"); Contech Constr. Prods., Inc. v. Heierli, 764 F. Supp. 2d 96, 105-06 (D.D.C. 2011) (holding that, although requests under title 9 must be presented by motion, "[f]ederal courts have discretion to treat a petition to vacate as a motion if the parties have fully developed the issue or issues for the court.").

The Court rejects Caruso's argument.  While Caruso stated in pleadings filed in this Court that it had asked for arbitration of the issue with Enterprise, it has consistently insisted that SAC is <u>not</u> a party to any arbitration clause and that it does <u>not</u> have to arbitrate its claim against SAC.[2]  (Tr. 10/21/2011 at 37.)  Further, Caruso has filed numerous pleadings in this case,

---

[2] To the extent Caruso is arguing that its pleadings are a request to compel arbitration of its dispute with Enterprise, the Court notes that it has no jurisdiction over Enterprise, which is not a Debtor in this case.  Further, Caruso admits that although it sent a letter to Enterprise exercising its right to arbitrate and naming an arbitrator, it has never filed a motion to compel arbitration with Enterprise, although it has the right to do so under the LLC Agreement.  (Tr. 10/21/2011 at 45-46; X 26; X 1 at § 11.17(i).)

6

joining issue on the Debtors' objection to its claim and has affirmatively asked this Court to overrule that objection. (D.I. # 2779 at ¶¶ 45-69; D.I. # 3136 at 14-40.)

If SAC is not a party to the arbitration clause, as Caruso asserts, it cannot be forced to participate in any arbitration. See, e.g., AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986) (noting that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit.") (quoting Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)); DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14, 30 (D.D.C. 2002) (refusing to compel party to arbitration provision to arbitrate its disputes against non-party even though non-party wished to arbitrate). Further, if SAC is not a party to the arbitration clause, then Caruso is not entitled to a stay of these proceedings under the FAA. See, e.g., Kirleis v. Dickie, McCamey & Chicolte, PC, No. 06-1495, 2007 WL 3023950, at *3 (W.D. Pa. Oct. 12, 2007) (finding appeal frivolous and denying stay pending appeal where court found there was no evidence that plaintiff had agreed to arbitration).

Caruso argues nonetheless that it is entitled to a stay of this litigation while it proceeds with arbitration against Enterprise. Caruso cites no case law to support its argument that litigation between parties who have not agreed to

arbitration must be stayed under the FAA while arbitration proceeds between others. Caruso cannot rely on the FAA's mandatory stay provisions. DSMC, 273 F. Supp. 2d at 31 & n.5 (holding that "[t]he mandatory stay provision of the FAA applies only to parties to the arbitration agreement" and refusing to issue a discretionary stay because the movants had failed to meet "the heavy burden of persuading this Court that a stay is appropriate" where the arbitration would not resolve all issues and had questionable preclusive effect). In this case a discretionary stay also seems unwarranted because even if Caruso wins in arbitration against Enterprise, that would have no preclusive effect on SAC. Further, judicial economy is not served by staying this case pending arbitration, where resolution in the arbitration is not likely to occur promptly because of Caruso's failure to take any action to compel that arbitration. Id. at 31.

Consequently, the Court concludes that because SAC has not agreed to arbitrate any dispute it has with Caruso, the automatic divestiture provision of the FAA is not applicable.

    B.    <u>Waiver of Arbitration Right</u>

In addition, as the Court found at the hearing, even if SAC were a party to the LLC Agreement and was bound by the arbitration provision, Caruso has waived the right to insist that its claim against SAC be arbitrated. See, e.g., Ehleiter, 482

F.3d at 223 (holding that a party may waive its right to arbitration if the opposing party demonstrates sufficient prejudice by the delay). The Third Circuit has articulated "six nonexclusive factors . . . to guide the prejudice inquiry." Gray Holdco, Inc. v. Cassady, 654 F.3d 444, 451 (3d Cir. 2011) (citing Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 925 (3d Cir. 1992)). They are:

> (1) timeliness or lack thereof of the motion to arbitrate; (2) extent to which the party seeking arbitration has contested the merits of the opposing party's claims; (3) whether the party seeking arbitration informed its adversary of its intent to pursue arbitration prior to seeking to enjoin the court proceedings; (4) the extent to which a party seeking arbitration engaged in non-merits motion practice; (5) the party's acquiescence to the court's pretrial orders; and (6) the extent to which the parties have engaged in discovery.

Id.

Application of those factors demonstrates the prejudice necessary for waiver of the right to arbitrate in this case. Here, Caruso filed its proof of claim before asserting any right to arbitration (and in fact, never asserted a right to arbitrate with SAC) and delayed over fifteen months before asking the Court on the day of trial to stay the proceedings.[3] Id. at 455

---

[3] Caruso argues that it did raise the stay issue earlier by including it in the Stipulation filed by the parties of legal issues remaining to be determined. (D.I. # 3131 at Ex. A.) However, that stipulation was filed on September 1, 2011, more than fifteen months after Caruso's claim was filed and shortly before the hearing on the Debtors' objection to the claim.

(finding ten-month delay weighed in favor of a finding of waiver).  In addition, Caruso has not even pressed its right to arbitrate any of the issues regarding the termination of the LLC Agreement against Enterprise.  While it sent a letter requesting arbitration and naming an arbitrator in August, 2010, it has taken no action to proceed with arbitration since then.  The LLC Agreement provided that a party wishing to arbitrate could file a petition to compel arbitration.  (X 1 at § 11.17(i).)  Caruso has failed to do so in the fifteen months that the objection to SAC's proof of claim has been pending, although it has known since July 19, 2010, that the Debtors' objection to its claim was premised, inter alia, on the LLC Agreement's conditions and releases. (D.I. # 2726 at ¶¶ 10-16, 18-24.)

Further, Caruso has contested the merits of the Debtors' objection to its claim and has engaged in extensive discovery and trial preparation (including stipulating to facts and agreeing to joint exhibits).  Caruso appeared at the hearing on the objection to the claim fully prepared to try it.  The prejudice to the Debtors is clear: they have had to engage in discovery, file briefs, stipulate to facts and documents, and prepare for trial during the last fifteen months.  See, e.g., Ehleiter, 482 F.3d at 224 (holding that prejudice was shown by fact that "the party claiming waiver has already invested considerable time and expense in litigating this case in court, and would be required

to duplicate its efforts, to at least some degree" if arbitration were to proceed).

In addition to the substantial efforts expended by the Debtors in litigating their objection to Caruso's claim, the final resolution of these bankruptcy cases has been delayed (and would be further delayed by arbitration).  The Debtors' plan of reorganization was confirmed and went effective on April 30, 2010.

These facts clearly distinguish this case from the cases cited by Caruso.  See, e.g., In re Mor-Ben Ins. Mkts. Corp., 73 B.R. 644, 647 (9th Cir. B.A.P. 1987) (holding that a "claim may be filed to secure a creditor's right to partake in distribution of the debtor's estate without waiving his right to arbitration"); In re Kaiser Group Int'l, Inc., 307 B.R. 449, 454-55 (D. Del. 2004) (holding that waiver could not be found by filing of proof of claim or commencement of litigation in Europe in absence of prejudice to the debtor); In re Herrington, 374 B.R. 133, 147 (Bankr. E.D. Pa. 2007) (noting that "numerous courts have concluded that a creditor who files a proof of claim does not, by that act alone, waive its contractual right to arbitrate a dispute").  In fact, the Court in Herrington acknowledged that a party can waive the right to arbitrate a dispute "if the party '[s]ubstantially invoke[s] the litigation machinery before asserting its arbitration right.' . . .  A party

11

substantially invokes the litigation machinery when, for example, it files a lawsuit on arbitrable claims, engages in extensive discovery, or fails to move to compel arbitration and stay litigation in a timely manner." Herrington, 374 B.R. at 147 n.5 (quoting Lewallen v. Green Tree Servicing, L.L.C., 487 F.3d 1085, 1090 (8th Cir. 2007).

Caruso also relies on Rule 48 of the FAA which provides that "[n]o judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate." The courts have held, however, that even contractual provisions eliminating a waiver defense are insufficient to preclude waiver if prejudice is found. See, e.g., Gray Holdco, 654 F.3d at 452 (finding that contract clause which permitted party to bring injunction action in court without waiving its right to seek arbitration did not change the court's analysis of whether filing such an action was in fact waived) (citing S & R Co. of Kingston v. Latona Trucking, Inc., 159 F.3d 80, 86 (2d Cir. 1998) (holding "that the presence of a 'no waiver' clause does not alter the ordinary analysis undertaken to determine if a party has waived its right to arbitration"). Because the Court has found that the Debtors have been prejudiced by Caruso's prosecution of its claim against SAC in this Court, the FAA does not preclude a finding of waiver.

For the foregoing reasons, the Court concludes that Caruso waived any right it might have had to arbitrate its claim against SAC.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that it is not divested of jurisdiction to decide the Debtors' objection to the Caruso and Associates claim.

An appropriate Order is attached.

Dated: January 30, 2012                BY THE COURT:

 

Mary F. Walrath
United States Bankruptcy Judge